# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, § | | |
| § | | |
| Plaintiff-Respondent § | | Civil Action |
| § | | No. SA-10-CA-224-OG (NN) |
| v. § | | |
| § | | Criminal Case |
| JOE YOUNG, § | | No. SA-96-CR-360-OG |
| § | | |
| Defendant-Movant § | | |

## SHOW CAUSE ORDER

Before the Court is Defendant Joe Young's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Defendant pleaded guilty to distribution of cocaine base, for which he was sentenced to seventy-five months in January 1998. Defendant was later on supervise release, which was revoked in August 2003. Defendant's supervised release was again revoked in October 2005, and Defendant received a thirty-five month sentence, consecutive to any other federal or state sentence or revocation, including Defendant's eighteen-year state drug sentence.

Defendant contends his sentence following the supervised release revocation in 2005 should be concurrent with his state sentence. He claims he should have been brought to federal court for a prompt revocation hearing, instead of waiting in a county jail for his state drug prosecution. Defendant complains he received ineffective assistance of counsel and he was denied a speedy trial on the 2005 supervised release revocation.

Defendant's § 2255 Motion is apparently barred by the one-year statute of limitations of § 2255 which provides that "[a] 1-year period of limitation shall apply to a motion under [§ 2255]." *See Day v. McDounough*, 547 U.S. 198, 209 (2006) (district court may raise limitations

defense *sua sponte*); *Kiser v. Johnson*, 163 F. 3d 326, 328-29 (5th Cir. 1999) (same). The revocation of Defendant's supervised release became final in October 2005, when his time to appeal to the Fifth Circuit expired. *See* Fed. R. App. P. 4(b)(1)(A). Defendant's § 2255 Motion, dated and deemed filed on March 16, 2010, was not filed within one year after the 2005 revocation of his supervised release, and the § 2255 motion is untimely.

The one-year limitations period can be equitably tolled in rare and exceptional circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). Equitable tolling applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. *Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000).

A petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. *Felder v. Johnson*, 204 F.3d at 171-72. A claim of innocence and a claim that the conviction was a miscarriage of justice are not bases for equitable tolling. The "miscarriage of justice" exception applies to State procedural defaults, *see Murray v. Carrier*, 477 U.S. 478, 496 (1986), but it is not an exception to the statute of limitations in this Circuit. *See Fierro v. Cockrell*, 294 F. 3d 674, 683 n.17 (5th Cir. 2002). A claim of actual innocence does not excuse a late petition and does not warrant equitable tolling of the limitations period. *Cousins v. Lensing*, 310 F. 3d 843, 849 (5th Cir. 2002). "[A] petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." *United States v. Riggs*, 314 F.3d 796, 800 (5th Cir. 2002) (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (brackets in *Riggs*)).

**Defendant is directed to show cause within twenty-one (21) days why his § 2255**

**Motion should not be denied and dismissed as untimely**. If Defendant fails to respond to this Order, his Motion will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**SIGNED** on March 25, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE